# NO. 12-10-00321-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: MICHAEL KENNEDY,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

Relator Michael Kennedy has filed a petition for writ of mandamus in which he relies on three grounds for the requested relief.

### RELATOR'S COMPLAINTS

Relator first urges that there is no evidence to support his conviction for theft and complains that the trial court has refused to address his appeals or his motion for new trial. When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). Instead, the trial court has special or limited jurisdiction to ensure that the higher court's mandate is carried out and to perform other functions specified by statute, such as finding facts in a habeas corpus setting or determining entitlement to DNA testing. *Id*. In December 2009, we affirmed Relator's theft conviction, reversed the trial court's judgment as it related to his punishment, and remanded the case to the trial court for a new punishment hearing. *See Kennedy v. State*, No. 12-08-00246-CR, 2009 WL 4829989, at \*4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication). Consequently, the trial court's jurisdiction now is statutorily limited to punishment issues. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon 2010) (addressing effect of remand when reversible error pertains to punishment only). Therefore, the trial court has no jurisdiction to address issues relating to Relator's conviction. *See id.*

Relator next alleges that the trial court has failed to issue a capias requiring his immediate transfer to the Anderson County jail where he would remain until after his October 26, 2010 punishment hearing. Specifically, Relator asserts that he filed a motion for the issuance of a capias and the trial court was required to "comply with" the motion within ninety days. As authority, he cites Texas Rule of Appellate Procedure 51.2. However, rule 51.2 relates to the issuance of a capias when the judgment contains a sentence of confinement or imprisonment that has not been suspended and the defendant is not in custody. *See* TEX. R. APP. P. 51.2(b)(1). Rule 51.2 does not apply to the facts presented here.

Finally, Relator maintains that the trial court has refused to rule on Relator's motion to represent himself at the upcoming punishment hearing. Relator has furnished this court a copy of the notice of setting provided to him by the trial court. The notice specifically states that "[a]ny pre-trial matters set out in Article 28.01 of the Texas Code of Criminal Procedure **must be raised by pleadings filed seven days before the pre-trial hearing,** and will not thereafter be allowed to be raised or filed except by permission of the Court for good cause shown." Relator has not alleged anything in his petition that causes us to believe the trial court will not address all pretrial motions prior to the hearing.

## CONCLUSION

This court has authority to issue a writ of mandamus in a criminal case only if the relator shows (1) he has no adequate remedy at law and (2) the act sought to be compelled is ministerial. ***Ater v. Eighth Court of Appeals***, 82 S.W.2d 241, 243 (Tex. Crim. App. 1991). Based upon our review of the record and the foregoing analysis, we conclude that Relator has not made the required showing and therefore has not established that he is entitled to mandamus relief. Accordingly, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered October 20, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2